# E. D. HAM *v.* THE SANTA ROSA BANK ET AL.

DECLARATION OF HOMESTEAD.—A declaration of homestead was filed, in which the value of the homestead premises was estimated at eight thousand dollars.

*Held:* The declaration was not invalid because the estimate of value was in excess of the value of the homestead interest exempted by law from forced sale.

ID.—SELECTION OF HOMESTEAD.—In the selection of a homestead there is no statutory limitations as to quantity or value. The law simply requires that the premises selected for that purpose shall be described, and that the value of the premises shall be estimated.

ID.—NO CONFLICT BETWEEN SECTIONS 1260 AND 1263, CIVIL CODE.—There is no conflict between §§ 1260 and 1263 of the Civil Code; the word "value" in the one refers to the actual value, or the value in the opinion of persons other than the declarant, whilst the words "estimate of value" in the other refer to an estimate of value in the opinion of the declarant.

ID.—CONSTRUCTION OF CODE.—If there is any seeming conflict between §§ 1260 and 1263 of the Civil Code, the two sections must be construed according to the canon prescribed by § 4482 of the Political Code for the construction of all the Codes.

EXCESS IN VALUE DOES NOT INVALIDATE SELECTION OF HOMESTEAD.—Exemption from forced sale is not an attribute, but only an incident of the homestead; the homestead may exceed the value limit of the exemption; but the excess in value does not invalidate the selection if it is otherwise valid under the provisions of §§ 1262 and 1263, Civil Code.

ID.—HOMESTEAD, WHAT IS.—In its inception then or thereafter, the substance of a homestead is a parcel of land on which the family reside. It is constituted by the attributes of residence and selection according to law. When these things exist so as to express its essence, the homestead becomes an estate in the premises selected, exempted by law from forced sale.

APPEAL by the defendant, the Santa Rosa Bank, from the judgment of the Superior Court of the County of Sonoma. TEMPLE, J.

Action to foreclose a mortgage, made by one of the defendants, C. F. Jouilliard. Defendants Jouilliard and wife filed a cross-complaint claiming a homestead in the premises, and alleged they had filed a declaration in which they estimated the homestead premises to be of the value of eight thousand dollars. Defendant bank, a creditor of defendant Joulliard, having a judgment lien which attached subsequent to the

filing of said declaration of homestead, demurred to the cross-complaint of Joulliard and wife on the grounds that it did not state facts sufficient, etc. The Court overruled the demurrer, and rendered judgment for defendants Joulliard and against defendant bank, which ruling is assigned as error.

*Rutledge & McConnell,* and *Henley & Hardin,* for Appellant.

The naked question is presented in this appeal, whether a declaration of homestead is of any avail, which states the value of the property selected to be eight thousand dollars? Appellant claims that such declaration is void and makes the following points in support of such proposition.

Section 1260 of the Civil Code is as follows: "Homesteads may be selected and claimed * * * of not exceeding five thousand dollars." In this case the declaration states the actual cost value of the property to be eight thousand dollars.

We claim that the declaration itself shows the property to be of such a character in value that it can not be selected as a homestead, and if any person having property greater in value than the five thousand dollar limit, the Code imposes upon such person the duty, before any portion of it can be impressed with a homestead character, of segregating and measuring it off, and describing it in the declaration. This was the view taken by the Supreme Court of Michigan. (*Beecher* v. *Baldy,* 7 Mich. 501; *Helfenstein* v. *Cave,* 3 Iowa, 287 ; Thomp. on Homest. 112.)

The provisions of the Code in reference to the manner of selecting a homestead have been held by this Court to be mandatory. (*Ashley* v. *Olmstead,* 54 Cal. 616.)

The section of the Code above quoted says homesteads may be selected and claimed, evidently contemplating the imposition upon the claimant of some act in the way of selection over and above the mere act of filing the declaration. Section 1263 requires the declaration to contain a description of the premises. This section must be construed with section 1260. Now what premises must be described in the declaration? Why, the homestead premises, of course, which must not exceed five thousand dollars, but the premises described here are declared to be worth eight thousand dollars, and no

five thousand dollars premises are described at all. Now, the object of requiring with such particularity the declaration to state the actual cash value, who is living on the land, a description of the premises, etc., undoubtedly is to enable all parties interested to see from the declaration what property is claimed. That requirement of the statute is not met by this declaration. An eight thousand dollar tract is described, and we are left entirely in the dark as to what portion of it is claimed as a homestead.

It can not be that the Legislature intended the effect which must be the result if the position contended for by respondent is the law. The premises described in the declaration constitutes the homestead, no matter what its extent or value, and if filed by the wife or husband, even against the consent of the other, on community property, of the value of millions, on the death of either the whole vests in the survivor. The heirs of one is absolutely cut off " without a shilling " without the consent perhaps of the owner and transferred to a stranger to his blood. The Legislature could never have intended such a result. The Legislature must have intended to compel the claimant to select and limit him to property not exceeding five thousand dollars in value. (See § 1265; *Estate of Wixom*, 35 Cal. 323; *Matter of William H. Orr*, 29 id. 103.) The Court will note that the Code is amended so as now to make the premises described in the homestead to vest absolutely in the survivor. (C. C. P., §§ 1265, 1474.)

In the opinion of Justice Rhodes, in *Estate of Delaney*, 37 Cal. 180, the homestead "at its inception is limited to five thousand dollars." And the machinery of the Code for the excess over that amount is supposed to apply to an enhanced or increased value subsequent to that time.

But it will be also noticed that the Code of Civil Procedure has been changed in another respect since that time. There is now "one homestead as against creditors, and a different one when the survivor asserts his or· her claim as against the heirs of the deceased." During the life of the spouses the creditors under the provisions of the Civil Code can subject to the payment of debts this enhanced or increased value. But after death, and in appraising the value, the Code of Civil Procedure changes the rule and directs the inquiry to

the value at the time of filing the declaration. (§ 1476, C.
C. P.)

Whether subsequent Legislatures intended to change the
law in accordance with the opinion of Judge Sanderson, in
*Gregg* v. *Bostwick*, 33 Cal. 226 and 227, or not, it is very evi-
dent it has radically changed the wording of the statute.
Section 327, C. C., whilst adopting a part of the language of
Section 1 of the Act of 1860, qualifies it by inserting the
words "selected as in this title provided," and the word "home-
stead" is no longer used in the "popular sense," it is only a
"homestead" now when selected as "in this title provided."
The learned judge is undoubtedly referring to the Act of 1851,
and quotes the first section thereof at page 227 of the opin-
ion.    (Compare the Act of 1851, page 296.)    And is construing
that law as applicable to the case then before the Court.
(See statement of facts as found by the District Court,
33 Cal. 220, 221.)    This is the only case referred to that
gives countenance to the views of respondent.    But can not
be authority on the law as it stands now.

*George A. Johnson*, for Respondents.

I claim that there is no law in this State requiring a de-
scription of the homestead in the homestead declaration.    It
is "a description of the premises."    (C. C., § 1263.)    I claim
there is no law in this State requiring an estimate of the
actual cash value of the homestead; it is of "their" (the prem-
ises') "actual cash value."    (§ 1263.)

There is no law that the declaration shall contain a state-
ment that the person making it is residing on the homestead;
but the statement required is that he is residing on the prem-
ises, "and claims them as a homestead."    That there is a dis-
tinction between "the premises" and "the homestead," and
that such was the legislative intent, seems to be apparent
from Section 1263.    All the other sections of the Civil Code
are in accord with this view.

I call the Court's attention to Section 1241, C. C.:    "The
homestead is subject to execution or forced sale in satisfaction
of judgments obtained" on certain debts which were liens on
the premises, not on the homestead.    What is meant by select-
ing and claiming a homestead ?    Section 1260 says: "Home-

steads may be selected and claimed: "1. Of not exceeding five thousand dollars in value, by any head of a family." Then it may be selected and claimed by any head of a family. But there must be a dwelling-house in which the claimant resides. Section 1237: " The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided."

Any head of a family, then, may have a homestead in a dwelling-house and the land on which it is situate, if he selects it as provided. What section is it that provides as to the manner of this selection and claim ? Most unquestionably, Section 1263. Does this declaration contain a statement that Jouilliard is the head of a family ? It does. Does it contain a statement that Jouilliard is residing on the premises and claims them as a homestead ? It does. Does it contain a description of the premises ? It does. Does it contain an estimate of the actual cash value of the premises ? It does.

It is not apparent that anything more can be done. This is the declaration that the law says shall be recorded in the Recorder's office of the county. (§ 1264.) This is the declaration, from and after the filing of which for record "the premises therein described constitute a homestead." (§ 1265.) All that Section 1260 determines is, who may have a homestead, giving the debtor the right to select one of several tracts, and to what value; a head of a family, five thousand dollars in value; any other person, one thousand dollars. It doesn't purport to contain the essentials of a declaration which is to be recorded, and from the filing of which for record the premises therein described are to constitute a homestead, as provided for, in express terms, by Sections 1263, 1264, and 1265, C. C.

The misapprehension consists in this, in supposing that our law requires any description of the homestead whatever, or any statement of the value of the homestead; whereas it is only a description of the premises which it requires, and a statement of their value. To state the value of the homestead would be a matter of supererogation, because the law fixes it at not exceeding five thousand dollars. (§ 1260.) There is no provision for recording any homestead claim un-

der Section 1260, but there is for recording the homestead claim provided for by Section 1263, and from the filing of which for record the premises described do absolutely constitute a homestead, without any further conditions or limitations.

Section 1246, Civil Code, is certainly broad enough to cover every case where "the value of the homestead exceeds the amount of the homestead exemption." If it had been the intention of the Legislature that this section should include only those cases where the value of the premises at the inception of the homestead did not exceed five thousand dollars, would they not have so enacted in clear and unambiguous language? Are we not to infer, therefore, from their using general words, without any conditions or limitations, that they intended to embrace all homesteads, without reference to their value at their inception, or to any class of homestead claimants? *(McDonald v. Badger,* 23 Cal. 397.)

"But a person can not thus inclose more than one lot in the homestead declaration, where the value of such lot, with the dwelling thereon, equals or exceeds five thousand dollars. And if it is attempted, the homestead claim will be held void as to all separate lots included therein, over and above the one thus occupied as a residence."

In *Gregg* v. *Bostwick,* 33 Cal. 220, the Court says: "The Act" (the Homestead Act) "is founded upon the idea that it is good for the general welfare that every family should have a home," etc. "It is for the protection and maintenance of the wife and children against the neglect and improvidence of the husband and father." (*Cook* v. *McChristian,* 4 id. 26.)

In *Estate of Delaney,* 37 Cal. 181, the Court says: "The value of the lands is not stated in the declaration" (that is of homestead), "and had such been the case, the declaration would not have been evidence of their value; but if the value then exceeded five thousand dollars, the statutory homestead could not embrace the whole number of blocks and parts of blocks mentioned." (*Estate of George McCauley,* 50 id. 545.) "No homestead had been selected during the life-time of the testator. The mortgages on the property exceeded ten thousand dollars. The Court made an order for the sale of the land subject to the liens of the mortgages, and for setting apart a homestead to the widow out of the proceeds." The

appraisers in this case appraised the premises at fourteen thousand three hundred and ninety-six dollars and sixty-three cents. The above order was affirmed by the Supreme Court.

The Constitution of the State says: "The Legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." (Art. xvii., § 1, Const. 1879, and Art. xi., § 15, Const. 1849.) In *Gregg* v. *Bostwick, supra,* the Court says: "If the homestead, when ascertained, exceeds the quantity named, where limitation is by quantity, it must be reduced by cutting off the excess; or, if it exceeds the value named, where limitation is by value, it must be divided, if that can be done; if not, it must be sold and the proceeds divided." Again: "Hence, neither quantity nor value can be taken into account as tests as to what the homestead is in fact in a given case, for they, in no just sense, enter into the definition of a homestead until after the homestead has been ascertained by other tests, and then they operate only as limitations."

How, then, can the statement of value in a declaration of homestead at eight thousand dollars operate as a test before there has been any judicial ascertainment as to what constitutes the statutory homestead, or the value of the premises?

In a number of the States there are constitutional provisions on the subject of homesteads, as in Alabama, Arkansas, Georgia, Michigan, North Carolina, South Carolina, Tennessee, Texas, where the value is not to exceed a specified amount; and in Texas a certain amount, under the Constitution of 1869, at the inception of the homestead.

The case of *Beecher* v. *Baldy,* 7 Mich. 500, was decided under a constitutional provision, and as the Legislature had provided no means whereby a homestead in property not susceptible of division and worth more than the constitutional limit could be made available, as, for instance, by sale, and giving a certain portion of the proceeds to the homestead claimant, the Court held there was no homestead. But in California, the Legislature has provided the means, and the machinery for this purpose is ample, as enacted in Sections 1246 to 1258, C. C.

Smyth on Homesteads and Exemptions says this case of

*Beecher* v. *Baldy* "presents an interpretation of the statute in relation to homesteads at variance with most of the cases which have come under our observation." (Note under Section 67.) He further says: "A person who is in debt and living on land which he claims as a homestead, but which is worth more than the statutory limit, is liable to have the overplus sold on execution. If the land can be divided in conformity with the statute, a certain portion, worth the amount in value allowed the debtor under the particular statute, may be set off, which he can hold exempt. But if, in the course of time, the portion so allotted to him has so increased in value as to be worth more than the statutory limit, the homestead may be divided a second time, and the overplus again sold for the satisfaction of creditors; and this course may be pursued as often as the homestead increases in value and remains divisible; but if indivisible, the whole may be sold by the creditor upon the payment to the homestead claimant of the amount exempt by law." (§ 91.)

A declarant of a homestead is between Scylla and Charybdis. If in his declaration he states that the value of the premises in which he claims a homestead is eight thousand dollars, he may tell the truth; but he thereby loses his homestead. If, on the other hand, he states the value to be five thousand dollars, he falsifies the facts, and runs the risk of losing his homestead on account of having underestimated the value of the premises in his declaration, for the purpose of hindering, delaying, and defrauding his creditors.

Or, we will take another hypothesis: if he states the value to be five thousand dollars, he falsifies the facts; but he gains thereby a castle for himself and family, a shelter for his wife and children against his own pecuniary improvidence.

The difficulties increase. Suppose he estimates the premises at eight thousand dollars, when in fact they are worth only five thousand dollars, he loses his homestead, and yet the law protects five thousand dollars "in value." He has made a wrong estimate. Suppose he estimates them at eight thousand dollars, when in fact they are worth eight thousand dollars, he loses his homestead. He has made a wrong estimate in law.

The question then suggests itself, what is the use of any

estimate at all, if all homesteads are made to lie in a Procrustean bed, and the value of the premises can not exceed five thousand dollars?

If Section 1263 of the Civil Code had provided for an estimate of the actual cash value of the premises, not exceeding five thousand dollars, it would probably have operated by way of limitation, and a declaration of homestead which stated the value at eight thousand dollars might be invalid. But there are no such words of limitation or prohibition.

I claim further, that as Section 1263 has been decided to be mandatory, and that an estimate of the actual cash value of the premises must be in some certain amount, that as Section 1264 has been decided to be mandatory also, and the declaration must be recorded, that Section 1265 is also mandatory, being in close chronological sequence, being also "*in pari materia,*" and because it is there stated, in clear and unequivocal language, that from and after the time the declaration prescribed in the preceding sections is filed for record, "the premises therein described constitute a homestead." The legislative will thus made manifest should be obeyed.

The constitutional provision is equally clear. "The Legislature shall protect by law, from forced sale, a certain portion of the homestead and other property of all heads of families." Not the homestead, but a certain portion of the homestead. Why are these words, "a certain portion," used? Because the homestead in fact may not correspond with the statutory homestead. Hence the language of Sanderson in *Gregg* v. *Bostwick,* 33 Cal. 228: "If what is actually used as a homestead is of greater value than five thousand dollars, the excess is not homestead under the statute, though so in fact." This distinction should invariably be drawn between a homestead in fact and the statutory homestead, and with this discrimination the provisions of the code are without complication, and the constitutional provision is easily understood.

But it may be claimed that, although this provision of the Constitution is made mandatory by the express words of the Constitution itself, that is to say, the Constitution of 1879, there is no legislative machinery to work out this beneficial result to all heads of families. That does not matter, if such was the case. (*Van Hook* v. *Whitlock,* 2 Edw. Ch. 304.)

Where a remedial statute does not point out the manner in which it shall be enforced, an action lies in favor of a party aggrieved by implication. What is more remedial than the homestead law? It protects the family against misfortune and improvidence. At common law, the creditor could not take the debtor's lands under his execution. It was by statute only that he gained this right. I cite, also, *Goldman* v. *Clark*, 1 Nev. 607, where Beatty, Judge, says: "If the Constitution and law has given her certain rights, the failure of the Legislature to prescribe the particular manner in which she shall proceed to enforce them, can not deprive her of those rights."

I may also cite, on this proposition, the case of *Helfenstein and Gore* v. *Cave*, 3 Iowa, 287, cited by appellant's counsel, for they have been most unhappy in their citations, where the Court says: "Where an end is distinctly pointed out by statute, but the mode is not presented, the Court will find a method." The other case cited by them, *Beecher* v. *Baldy*, *supra*, is not in accordance with the weight of authority, and its correctness has been challeged.

The COURT:

As head of a family, the defendant, Jouillard, filed a declaration of homestead in which he estimated the value of the homestead premises at eight thousand dollars; and the contention here is, that this estimate of value, being in excess of the value of the homestead premises exempted by law from forced sale, renders his declaration ineffectual to vest in the family a homestead right.

A homestead consists of the dwelling-house in which the claimant resides and the land on which the same is situated, selected as provided by law. (§ 1237, C. C.; *Gregg* v. *Bostwick*, 33 Cal. 220; *Estate of Delaney*, 37 Cal. 176.) It is selected according to law whenever the claimant executes and acknowledges, as a grant of real estate is required by law to be acknowledged, and files for record a declaration containing a statement showing, (1) that the person making it is the head of a family, (2) that he is residing on the premises and claims them as a homestead, (3) a description of the premises, and (4) an estimate of their cash value. From and after the

filing for record of such a "declaration" the premises described in it became the homestead of the claimant, and the record of the declaration operates as notice of the selection to all the world. (Tit. 5, Chap. 2, C. C.)

In the *selection* of a homestead there is no statutory limitation as to quantity or value. The law simply requires that the premises selected for that purpose shall be described, and that the value of the premises shall be estimated. It is just to infer that this requirement was of a true estimate, not a false one. It was not required to be under oath; therefore by making a false statement of the value, a homestead claimant does not incur the pains and penalty of perjury. So far as legal penalties are concerned, he is left free to insert a false estimate in his declaration; but, if he prefers to state what is true on the subject, the truth of his statement should not be used against him to destroy a right, if it be founded upon a compliance with the requirements of law.

Now the estimate of the claimant in the declaration under consideration, together with the description of the premises, and the statement that he was the head of a family, and was residing on the premises which he claimed as his homestead, constituted the essential elements of the declaration required by the homestead law to indicate his selection. The declaration itself was made strictly according to the formalities prescribed. In every particular the provisions of Sections 1262, 1263, Chapter 2, of the Homestead Law, were complied with. Having been strictly complied with, how can it be held that a declaration made according to the forms of law, is void under the law? Certainly there are no words in the sections referred to which make the legal acts of a homestead claimant issue in such a result. If there were, the provisions of those sections would be involved in absurdity—a thing which the Legislature could not have intended.

It is claimed, however, that such a result arises out of Section 1260, Chapter I. of the law by which it is declared that "Homesteads may be selected and claimed: 1, of not exceeding five thousand dollars in value by any head of a family." If this is to be regarded as such implication, it would prove too much. It would prove that the right could not attach under the statute, if the place declared on was of more than

five thousand dollars in value, whatever might be stated as the estimate of value of the parcel described in the declaration. Certainly the statute meant nothing of this kind. Again, such implication can not exist, for the reason that the word "value" is used in Section 1260, and the language in Section 1263 is "estimate of value." The right of exemption is made to depend on the actual value, not on the declarant's estimate of value; on an actual existing reality, not on the fallible or mistaken opinion of the declarant of what that real value may be. In Section 1260, the law speaks of something certain; in Section 1263, of something existing in the mind of a person, of which certainty can not assuredly be predicated; for nothing is more uncertain or more variable than an estimate of value.

The Section (1260) ought not to be held to change the meaning of Section 1263, if the provisions of the two sections can be harmonized. These provisions can be brought into harmony so as to exclude any prohibitory effect in the latter section over the former by the fact that they refer to different things, one to value in the opinion of other persons, and the other to an estimate of value in the opinion of the declarant. If one portion of a statute is held to affect and change another, there must be a conflict in the controlling clause over that which it controls. And if there is no conflict here, no alteration can be allowed in one by the other. If there is a conflict and one changes the other section, why not as well hold that Section 1263 changes the meaning of Section 1260? If it is so held, the prohibition by implication ceases to exist. Besides, the question is pertinent here, who made Section 1260 the master of 1263? Who invested the former with dominion over the latter? They emanate from a common source of power, and that common source has not invested the former section with any such control. But this common parent has furnished the means of controlling this strife, for where there is a conflict between the two sections the difficulty must be solved by the canon prescribed in the Political Code, *for the construction of all Codes.*

By Section 4482 of that Code it is provided: "If the provisions of any chapter conflict with or contravene the provisions of another chapter of the same title, the provisions of

each chapter must prevail as to all matters and questions arising out of the subject-matter of such chapter." The broad language here used, "all matters and questions arising out of," etc., can not fail to strike the attention on a mere perusal of the section. And by Section 4484 of the same Code a like rule of construction is given for determining conflicting provisions found in different sections of the same chapter or article of the Codes; that is to say, the provisions of the section last in numerical order must prevail, unless such construction be inconsistent with the general meaning of such chapter or article.

Proceeding from these canons of construction, we arrive at the conclusion that there is no inconsistency or incongruity between the sections of the homestead law which we have been considering. For Section 1260 has its place in Chapter I., Title v. of Part iv., Division Second, of the Civil Code, and Sections 1262 and 1263 have places in Chapter II. of the same title. Both chapters have relation to the same general subject-matter, namely, the homestead. But the first chapter contains general provisions which relate to the persons entitled to select homesteads, the property from which homesteads may be carved, the exemption of portions of homesteads from forced sale, the mode and manner in which they may be alienated, incumbered, or abandoned, and the remedies by which they may be subjected to the claims of execution creditors. On the other hand, the second chapter relates to the mode of the selection of the homestead, the form of the declaration by which its selection shall be made, its recordation, and the tenure by which the homestead, when selected, shall be held. The two sections of this chapter, therefore, relate wholly to the selection of the homestead. But Section 1260 of the first chapter relates to the selection and something more—it declares that the head of a family shall be entitled to select and *claim* a homestead not exceeding in value five thousand dollars. By this language a different meaning is expressed, and a different subject referred to, from the meaning expressed and the subject referred to in the two sections of the second chapter. And assuming that a conflict exists between the sections or the chapters in which they are contained, each chapter must, according to

the rules of construction in hand, be read by itself. So read and applied to the declaration of homestead before us, the declaration, appearing to have been made and filed in strict conformity with the provisions of Chapter II, assured to the declarant a homestead right to the premises described in his declaration. But his right in the premises was limited and defined by Section 1260 of Chapter I. Of those premises he could only claim and hold as against his creditors to the extent of five thousand dollars in value. Beyond that value, the premises were subject to the claims of execution creditors; the provision of Section 1260 was therefore subservient to the higher object of the entire title, namely, the protection by law of the homestead; and there is no inconsistency between the two chapters.

It can not be denied that the entire legislation comprehended by the two chapters referred to was had for the purpose of carrying into effect the provisions of the Constitution expressed in Section 15, Article xi. of the Constitution of 1849, and Section 1, Article xvii. of the Constitution of 1879, whereby the Legislature was commanded to "protect by law from forced sale a *certain portion* of the homestead and other property of all heads of families." Exemption of a portion of the homestead premises from forced sale was therefore the special subject-matter and object of Section 1260, Chapter I of the homestead law. The entire property in such premises belonged to the owner; the title to it was vested in him; no legislation could divest him of it, and the premises were subject to the claims of his creditors, except so much of them as were exempted by law. But this exemption is not an attribute of the homestead—it is only an incident. In fact, the homestead premises may exceed the value limit of the exemption; but the excess in value does not invalidate the selection, if it is otherwise valid under the provisions of Sections 1262, 1263, *supra*. The excess, though used in fact as homestead, is always subject to the claims of the creditors of the owner, and the law has provided ample remedies for the enforcement of such claims. (§§ 1245–1259, Chapter I, *supra*.)

In its inception, then, or thereafter, the substance of a homestead is a parcel of land on which the family reside. It

is constituted by the attributes of residence and selection according to law. When these things exist so as to express its essence, the homestead becomes an estate in the premises selected exempted by law from forced sale. The premises may be of greater or less value than the interest in them exempted .by law. If less it may increase; but increase in value over the exemption only works diminution in quantity of the homestead. The excess in value, though it may be homestead, in fact, is not the interest in the premises which is exempted from execution. It is, as part of the homestead, subject to the *jus disponendi* of the owner and the claims of his creditors. And where the excess is shown by the estimation of value at the time of the selection, or by the increase of value after selection, there is no evasion of statutory requirements. In either case the rights of creditors are secured, and the rights of no one are interfered with.

Judgment affirmed.

MYRICK and MCKINSTRY, JJ., dissented.