[No. 8298.   Department Two. — November 30, 1885.]

MARTHA E. GRAVES ET AL., RESPONDENTS, *v.* JOHN C. BAKER, APPELLANT.

| 68 | 133 |
|----|-----|
| 78 | 312 |

| 68 | 133 |
|----|-----|
| e148 | 154 |

TRUST DEED — HOMESTEAD — EVIDENCE. — In an action to declare a trust under the provisions of a deed from a husband to his wife of property on which a homestead had been previously declared by the wife, the declaration of homestead is admissible in evidence for the purpose of avoiding the deed.

APPEAL from a judgment of the Superior Court of the county of San Luis Obispo.

The facts are stated in the opinion.

*W. J. & William Graves, McD. R. Venable,* and *Ernest Graves,* for Appellant.

*Gregory & Shipsey,* for Respondents.

FOOTE, C.——Action to declare a trust under the provisions of a deed made by Crogan Graves to Miriam Graves, his wife. The trust deed was of property on which a homestead had been declared by Miriam, the wife of Crogan Graves, before the trust deed was executed and delivered. The declaration of homestead was offered in evidence with a view to defeat this trust deed. It was excluded by the court.

This declaration of homestead has been before this court in the case of *Steiner* v. *Graves et al.*, No. 5276. And, as we understand, it has been declared valid. (See *Ham* v. *Santa Rosa Bank*, 62 Cal. 125.) Therefore, it could only be abandoned by " a declaration or a grant

thereof executed and acknowledged" by Crogan Graves and Miriam Graves, his wife. (Sec. 1243, Civ. Code.) The trust deed was executed and acknowledged by Crogan Graves alone, hence as against a valid declaration of homestead it was void. The court below, in refusing to admit in evidence this declaration of homestead, committed error, and its judgment should be reversed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded.