[No. 19099.   Department One. — February 4, 1893.]

MARTHA H. HAYNE, Respondent, *v.* ANGELICA
HERMANN, Appellant.

CONSTRUCTIVE TRUST — HUSBAND AND WIFE — CONVEYANCE UPON PAROL
TRUST. — Where a husband caused a tract of land, of which he was the
owner, to be conveyed to his wife, and also certain moneys and other
personal property to be paid to her, with the verbal understanding that
the wife was to hold it in trust for the husband while he lived, and after
his death to divide it in equal parts between herself and daughter, a con-
structive trust was thereby created which will be enforced in favor of
the daughter.

ID. — TRUST BY OPERATION OF LAW — STATUTE OF FRAUDS. — Constructive
trusts are such as arise by operation of law, and are excepted from the
requirement that a trust can only be created by an instrument in writing.

ID. — FRAUD IN OBTAINING TITLE — PRESUMPTION. — Whenever one person
acquires from another the title to real estate by a fraud, actual or con-
structive, practiced upon that other, a constructive trust is created,
which a court of equity will fasten upon the title in his hands; and
fraud is presumed when an unfair advantage is gained through any un-
due influence exercised over the party from whom the advantage is de-
rived.

ID. — HUSBAND AND WIFE — CONFIDENTIAL RELATIONS — PRESUMPTION OF
UNDUE INFLUENCE. — A husband and wife occupy confidential relations
with each other; and the influence which the law presumes to have been
exercised by one spouse over the other is not an influence caused by any

act of persuasion or importunity, but is that influence which is superinduced by the relation between them, and generated in the mind of the one by the confiding trust which he has in the devotion and fidelity of the other. Such influence the law presumes to have been undue, whenever this confidence is subsequently violated or abused.

Id. — EVIDENCE — DECLARATIONS OF DEFENDANT — CORROBORATION OF PROOF OF TRUST. — In an action to enforce a constructive trust, where the testimony on behalf of the plaintiff tended to show the existence of a parol trust, the testimony of other witnesses concerning declarations by the defendant as to the character in which she held the property, although not competent for the purpose of proving the trust, is admissible in corroboration of the testimony of the plaintiff's witnesses as to the existence of the trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*L. S. Seaman,* and *Louis Luckel,* for Appellant.

*A. G. Hinckley,* and *Guthrie & Guthrie,* for Respondent.

HARRISON, J. — Action to obtain a judgment that certain property is held by the defendant in trust for the plaintiff, and for a conveyance thereof.

E. C. Hermann, the father of the plaintiff and the husband of the defendant, in his lifetime caused a certain tract of land in Los Angeles County, of which he was the owner, to be conveyed to the defendant, and also certain moneys and other personal property to be paid and delivered to her. The court finds " that said money was paid to defendant, and note and deed delivered to her, upon the express understanding and agreement that she would hold the same in trust for said E. C. Hermann during his life, and for plaintiff and herself in equal proportions after his death, and said defendant accepted said money, note, and deed, to hold in trust as aforesaid, and without having paid any consideration therefor." This finding is fully sustained by the evidence. Von der Kuhlen, who held the property in trust for Hermann, and who made the conveyance to

the defendant, testified: "On the direction of Mr. Hermann, she was to hold it in trust for Mr. Hermann while he lived, and then for plaintiff and defendant equally. That is what was said at the making of the arrangement, —that she should keep it in that way,—and Mrs. Hermann consented." The plaintiff herself testified: "My father directed the deed to be made to my mother by Mr. Von der Kuhlen. It was said by my father and mother at the time, as to making the deed that way, that it was to be made in my mother's name for my father in trust, and after a while to be divided up in equal proportions. My mother agreed to that. Mother and father said that it was to be held in trust for him, and after his death it was to be divided in equal parts between me and my mother. . . . . My father said to me and my mother that she was to take the deed in her name in trust for the family. . . . . My father said the property was to be for us both, and said that it was to be conveyed to my mother in trust. I heard him use the word 'trust.'" Other testimony to the same effect was given by these witnesses, and the finding of the court in conformity therewith must be sustained.

It is objected, however, on the part of the appellant, that a trust in lands cannot be created by parol, and that inasmuch as there was no note or memorandum in writing expressing the trust, no trust was created, and that she is entitled to retain the property as her own estate. Constructive trusts, however, or such as arise by operation of law, are expressly excepted from the requirement that a trust can only be created by an instrument in writing (Civ. Code, sec. 852); and whenever one person acquires from another the title to real estate by a fraud, actual or constructive, practiced upon that other, a constructive trust is created, which a court of equity will fasten upon the title in his hands. There are certain relations in which such confidence and trust exist between the parties that any dealings between them wherein one obtains an advantage from the other raises the presumption of fraud, and casts upon him the

burden of executing the trust which the law imposes upon him. One of these relations is that of husband and wife, and their transactions with each other respecting property are declared by the Civil Code (sec. 158) to be " subject . . . . to the general rules which control the action of persons occupying confidential relations with each other, as defined by the title on trusts." Fraud, also, is presumed whenever one party gains an advantage to himself through any undue influence exercised by him over the party from whom the advantage is derived, and section 1575 of the Civil Code declares that undue influence consists " in the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him." In *Brison* v. *Brison*, 90 Cal. 336, it is said: "The influence which the law presumes to have been exercised by one spouse over the other is not an influence caused by any act of persuasion or importunity, but is that influence which is superinduced by the relation between them, and generated in the mind of the one by the confiding trust which he has in the devotion and fidelity of the other. Such influence the law presumes to have been undue, whenever this confidence is subsequently violated or abused."

The complaint in the present case alleges, and it is not denied in the answer, " that the said E. C. Hermann reposed great faith and confidence in his wife, the defendant herein, and, believing that she would faithfully execute the trust created in her, directed Von der Kuhlen " to make the conveyance and deliver the property; and the court finds that the deed was made and the property delivered to her upon the aforesaid trusts " on account of the confidence that said E. C. Hermann reposed in his said wife, the defendant, that she would take and hold the said property in trust for him during his lifetime, and in trust for the plaintiff and defendant thereafter."

The facts in this case are not distinguishable in prin-

ciple from those presented in the cases of *Brison* v. *Brison*, 75 Cal. 525; 7 Am. St. Rep. 189; 90 Cal. 323; *Nordholt* v. *Nordholt*, 87 Cal. 552; 22 Am. St. Rep. 268; and *Alaniz* v. *Casenave*, 91 Cal. 41; and upon the authority of those cases the action of the court below must be sustained.

The claim that the conveyance was made to hinder, delay, and defraud the creditors of Hermann is not sustained by the record. No issue of that character was presented by the pleadings, and there was no proof of any debts against Hermann that it could have defeated. (See *Alaniz* v. *Casenave*, 91 Cal. 47.)

The court did not err in receiving the testimony of certain witnesses concerning the declarations by the defendant of the character in which she held the property. This testimony was not competent for the purpose of proving the trust, but was admissible in corroboration of the testimony of the plaintiff's witnesses.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

·Hearing in Bank denied.