[S. F. No. 3459.   Department One.—October 14, 1905.]

# HANNAH ANN LOOMIS, Appellant, v. E. H. LOOMIS et al., Respondents.

HOMESTEAD—SELECTION BY HUSBAND AND WIFE—WIFE'S RIGHT OF SURVIVORSHIP.—Where both husband and wife declared a homestead, whether upon community or separate property, if it is not abandoned by the concurrent act of both parties in conformity to law, the homestead vests absolutely in the surviving wife upon the death of her husband.

ID.—DEED OF HUSBAND TO WIFE—TRUST FOR HUSBAND'S BROTHER—TITLE BY SURVIVORSHIP NOT AFFECTED.—The husband could not affect the wife's right of survivorship by conveying the homestead to her upon her promise that after she was through with it it should be given to his brother. Upon the death of the husband such deed added nothing to her title by survivorship, and she held nothing under the deed.

ID.—CONSTRUCTIVE TRUST—QUESTIONS REMOVED.—Although at the date of the husband's deed to the wife it was a sufficient consideration for the promise of the wife, yet, subsequent to the death of the husband, the wife had no property which could be the subject of a constructive trust, and all questions relating thereto were removed from the case.

ID.—EXPRESS TRUST.—No express trust could be created in the homestead property while both parties were living, in favor of a third party, except by a single written instrument executed and acknowledged personally by both husband and wife.

ID.—LETTER OF WIDOW AFTER DEATH OF HUSBAND—ABSENCE OF CONSIDERATION—VOLUNTARY TRUST NOT CREATED.—A letter written by the widow, after the death of her husband, not resting upon any new consideration, but merely in acknowledgment of the promise made to her husband in his lifetime, whatever effect it might have as evidence of a constructive trust, could not operate to create a voluntary trust under section 2222 of the Civil Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

R. E. Ragland, and E. A. Bridgford, for Appellant.

Joseph Hutchinson, Frank Otis, and W. B. Treadwell, for Respondents.

ANGELLOTTI, J.—This action was brought by plaintiff to quiet her title to a parcel of real property in San Francisco found to be of the value of five thousand dollars, and to have declared void, upon the ground that the execution of the same was procured by undue influence, a certain deed executed by her to defendant Mary Hawley, in trust, to receive the rents and profits of the property, to pay therefrom the taxes, insurance, and repairs, and to pay the balance thereof to the use of plaintiff during her life, and upon her death "to convey the said property in fee simple absolute" to one E. H. Loomis. The trial court found against plaintiff upon her allegations of undue influence, but determined that the deed of trust was void under the decision of this court in *Estate of Fair*, 132 Cal. 523, [60 Pac. 442, 64 Pac. 1000, 84 Am. St. Rep. 70]. The correctness of this determination is not disputed here. The trial court, however, found that, notwithstanding the invalidity of said deed of trust, plaintiff was not the owner of any interest in said land other than an estate for her life therein, and that, subject to said estate for life, defendant E. H. Loomis was the owner of "an estate in fee in remainder of said property, commencing at the death of said plaintiff." Judgment having been entered accordingly, the plaintiff appeals from the whole of the judgment, except that portion thereof relating to the invalidity of the deed of trust, and also from an order denying her motion for a new trial.

The theory of counsel for defendant Loomis, adopted by the learned judge of the court below, appears to be that by reason of a certain transaction between plaintiff and her husband, Barney Loomis, on January 6, 1900, plaintiff received said property from her husband solely in trust to receive the rents and profits of the same during her life and that upon her death the said property should vest in fee in said E. H. Loomis, a brother of her husband. The transaction in question, viewed in the light of the evidence most favorable to defendant, was as follows, viz.: On January 6, 1900, the husband, Barney Loomis, executed and delivered to plaintiff what purported to be an absolute conveyance of said property, which purported to be made in consideration of love and affection. This deed was in fact executed by the husband

only upon the promise of his wife that she would contract "to reserve this property for my brother." The wife agreed to this, and thereupon drew up and signed a writing wherein she stated, according to the evidence of a witness who was present, the writing not being produced, "that she would reserve and hold this property for the brother of her husband." On February 2, 1900, the said husband died. On February 5, 1900, she wrote a letter to said brother, in which, after speaking of the death and burial of her husband, she said: "This home is a gift to myself with the promise that, when I am through with it, it shall be given to his brother, Edwin, who proved himself the best friend to him he ever found." On February 16, 1900, she executed the void deed of trust, hereinbefore referred to, indicating her understanding of the terms and conditions upon which she had received the deed from her husband. It is claimed by defendants that the foregoing evidence sufficiently shows a constructive trust, in accord with the doctrine of *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186], *Hayne v. Hermann,* 97 Cal. 259, [32 Pac. 171], and similar cases, relating to transactions between husband and wife. It is said by counsel for defendants that it is the settled law of this state, under the decisions, that where a husband conveys property to his wife upon a prior or contemporaneous promise by her to hold the property in whole or in part for the benefit of another, the law fastens upon her a constructive trust for the disposition of the property in accordance with the promise. It may be conceded here that the rule is correctly stated by counsel, and that the evidence set forth above is sufficient to bring the transaction of January 6, 1900, within the operation of that rule. As to this it is unnecessary to express an opinion, in view of other facts presented by the record, which make the rule contended for inapplicable here.

The record shows that on that day the premises in question constituted the duly selected and recorded homestead of the plaintiff and her husband. It does not appear whether the property was community property or the separate property of either spouse, but owing to the fact, alleged by the pleadings, established by the evidence, and found by the trial court, that the wife had on February 18, 1881, regularly selected

the premises as a homestead, and that the husband on March 14, 1899, did the same, and there being no intimation that the homestead so selected had ever been abandoned, it is unquestioned that on January 6, 1900, the property constituted the homestead of the parties, selected either from the community property or from the separate property of the person selecting or joining in the selection of the same. Under these circumstances it cannot be doubted that it was then of such a character that it would, unless the homestead were subsequently abandoned by the concurrent act of both parties, vest absolutely on the death of either husband or wife in the survivor. In the absence of such abandonment, which could only be effected by the mutual concurrent act of the parties, in the mode prescribed by law (Civ. Code, secs. 1242, 1243), the law gave the homestead property absolutely to the wife in the event that she survived her husband. Her husband could not affect her right in this regard by any instrument which he, acting alone, could execute. It is true that it has been held that a husband may, by deed executed by himself alone, convey his title to the homestead property to his wife, subject to the homestead (*Burkett* v. *Burkett,* 78 Cal. 310, [20 Pac. 715, 12 Am. St. Rep. 58]; *In re Lamb,* 95 Cal. 397, 405, [30 Pac. 568]); but such a conveyance cannot affect the homestead character of the estate, nor can it prejudicially affect the wife's right of survivorship thereunder. A wife cannot be held to acquire under such a deed any right or interest in the property described therein that she already has under the law, and her absolute right to succeed to such property in the event of her husband's death is such a right. When, therefore, the husband died before her, the property vested absolutely in her under the Homestead Law, and the husband's deed added nothing to her title. Whatever interest had been conveyed by that deed, the homestead subject to which the conveyance had been made had taken all of the property and left nothing to be affected by such deed. From the moment of her husband's death she held nothing under such deed. Under these circumstances, it follows that there was subsequent to the death of the husband no property to which the rule as to constructive trusts contended for by defendants could apply, for clearly such rule is applicable only to such

property as is acquired by reason of the transaction relied on. As stated in *Hayne* v. *Hermann,* 97 Cal. 259, [32 Pac. 171], "Whenever one person acquires from another the title to real estate by a fraud, actual or constructive, practiced upon that other, a constructive trust is created, which a court of equity will fasten upon the title in his hands." It is the property acquired by the fraud as to which the trust is created, and that alone, or, in the language of section 2224 of the Civil Code, "the thing gained." The only property acquired by the wife under the deed was the interest of the husband subject to the homestead. Such interest, it may be assumed, was held by the wife from the date of the deed to her husband's death in trust, by reason of her promise made when the deed was executed, but by his death that interest was absolutely terminated, and thenceforth the deed was ineffectual as a muniment of title.

There is no question in this connection as to whether there was such an interest in the husband at the date of the deed as to constitute that deed a sufficient consideration for the promise of the wife, but the question is whether there is property in her hands acquired by the wife from her husband under a deed made under such circumstances as to create a constructive trust. When it appears that there is no property in her hands acquired by reason of such deed, all questions as to a constructive trust are removed from the case. Defendant must then prevail, if at all, only upon the theory that an express trust in favor of defendant Loomis is shown. As to this it is manifest that no such trust was created while both husband and wife were living. Under the clear and explicit provisions of our Homestead Law, as uniformly construed by this court, the interest in the homestead property vested jointly in the husband and wife cannot while both live be thus conveyed, encumbered, destroyed, or impaired, in favor of a third party, except by a single written instrument, executed and acknowledged personally by both husband and wife (Civ. Code, secs. 1242, 1243; see *Hart* v. *Church,* 126 Cal. 471, 476, [58 Pac. 910, 77 Am. St. Rep. 195]; and cases there cited; *Freiermuth* v. *Steigleman,* 130 Cal. 392, [62 Pac. 615, 80 Am. St. Rep. 138]); and any attempted action in this behalf not in full conformity with the requirements of

the law is absolutely void and inoperative for any purpose, and acquires no validity, even if the premises subsequently lose their character as a homestead from abandonment or other cause. (*Gleason* v. *Spray*, 81 Cal. 217, [22 Pac. 551, 15 Am. St. Rep. 47]; *Powell* v. *Patison*, 100 Cal. 236, [34 Pac. 677].) In *Graves* v. *Baker*, 68 Cal. 133, [8 Pac. 691], an action to declare a trust, it was squarely held, in accord with what has been said, that a deed of homestead property from a husband to a wife in trust to receive the rents and profits for herself and children during her life, and providing that after her death the property should vest absolutely in the children, was, as against a valid declaration of homestead, void, because executed and acknowledged by the husband alone. In this case there was no pretense that the husband and wife joined in a single instrument, or that the writing signed by her at the time of the execution of the deed was acknowledged by her.

Defendant, however, relies upon a letter written by plaintiff to defendant Loomis, after the death of her husband, as creating such a trust. The statement relied on in that letter has already been set forth. There was nothing therein to indicate any intention on the part of the writer to create any trust, and all that the letter constituted at most was a voluntary acknowledgment on the part of plaintiff, made without any consideration whatever, that the property had been given to her by her husband, upon her promise that when she was through with it she would give it to defendant Loomis. It afforded very satisfactory evidence that she had made the alleged promise to her husband at the time of the execution of the deed, evidence in support of the claim of constructive trust, but it had no further effect, and could not, under the circumstances already detailed, operate to create a voluntary trust under the provisions of section 2222 of the Civil Code, as claimed by defendant. From what has been said, it follows that the finding of the trial court as to the ownership of this property is not supported by the evidence. It is contended by plaintiff that, upon the findings of the court, judgment should be ordered entered for the plaintiff in accordance with the prayer of her complaint, but we are of the opinion that the other findings are not such as to enable us to do this in the face of the findings as to ownership.

The judgment and order are reversed and cause remanded for a new trial.

Shaw, J., and Van Dyke, J., concurred.