[L. A. No. 1245. Department One.—July 11, 1904.]

## SILVANUS WHITE, Appellant, v. FRANK STEVENSON and CHARLES B. STEVENSON, Respondents.

FORECLOSURE OF MORTGAGE—AMENDED COMPLAINT—COUNT UPON FORMER MORTGAGE RENEWED.—For the purpose of determining the plaintiff's right of action to foreclose a mortgage, the complaint, as amended so as to count upon a former mortgage, of which the note and mortgage in suit are alleged to have been given in renewal, and which prayed judgment upon the former mortgage, if the renewed mortgage should be held invalid, is to receive the same consideration as if the matters alleged in the amendment had been included in the original complaint, where it appears that the cause of action upon the former note and mortgage set forth in the amended complaint is not barred by the statute of limitations.

ID.—ACCEPTANCE OF NEW NOTE AND MORTGAGE AS RENEWAL.—The acceptance of the new note and mortgage as a renewal of the former note and mortgage, in the absence of evidence of any agreement that the new note and mortgage should be accepted in payment and satisfaction of the old, does not operate as an extinguishment or discharge of the latter.

ID. — ENTRY OF SATISFACTION — PRESUMPTIVE EVIDENCE — MISTAKE OF FACT—FORECLOSURE.—Although the entry of satisfaction of record of the old mortgage is presumptive evidence that it has been satisfied, it is not conclusive thereof; and if it appears that the acknowledgment of satisfaction was made by reason of a mistake of fact, it will be held inoperative in equity, and the mortgage may still be foreclosed.

ID.—JURISDICTION OF EQUITY AS TO MISTAKE.—It is the peculiar province of a court of equity to relieve against a mistake of fact, and it has jurisdiction to set aside and cancel the release of a

mortgage given under a mistake of fact, and may cause it to be canceled where no intervening rights have accrued by reason of the mistake.

ID.—MISTAKE AS TO CONTINUANCE OF ABSENT POWER OF ATTORNEY— IGNORANCE OR FORGETFULNESS.—Where the release and satisfaction of record of the former mortgage, and the surrender of the old note, and the giving of the new note and mortgage, were made under a mistake as to the continuing authority of an attorney in fact, under which the former note and mortgage were authorized, and which, in the absence of the instrument, were mistakenly believed by the plaintiff and the attorney in fact to authorize the renewal, the mistake is one of fact, as being "an unconscious ignorance or forgetfulness of a fact past or present, material to the contract," within the terms of section 1577 of the Civil Code, against which equity will relieve and enforce the former mortgage.

ID.—ESTOPPEL OF PRINCIPAL.—Equity will not permit the principal, who authorized the first note and mortgage by his attorney in fact, to avail himself of a release given to the attorney in fact in sole consideration of the renewal of the note and mortgage, and at the same time repudiate the act of his attorney in fact in giving the new mortgage. He cannot accept the benefit of the transaction without assuming the obligation, nor can he ratify a portion of the unauthorized act of his attorney in fact without ratifying the whole.

ID.—DECREE OF FORECLOSURE OF FORMER MORTGAGE—CANCELLATION OF DISCHARGE NOT NECESSARY.—Where upon the facts before the court the plaintiff was entitled to a decree of foreclosure of the former mortgage, it was not necessary that the plaintiff should first have obtained a decree canceling its discharge of record before commencing an action to foreclose it, nor was it necessary that the decree should formally direct its cancellation before rendering the decree of foreclosure.

ID.—PLEADING—AVOIDANCE OF DEFENSE—FACTS SHOWING DISCHARGE INOPERATIVE—EVIDENCE IN REPLY.—It was not necessary that plaintiff should set forth in his complaint the facts under which he claimed that the discharge of the former mortgage was inoperative, or to ask that it be canceled. He was not required to anticipate that the defendant would rely upon this discharge as a defense; and when it was pleaded by the defendant the law operates as a reply, under which evidence of any facts controverting this defense could be introduced as fully as if specially pleaded.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion.

Jones & Weller, for Appellant.

C. E. Sumner, for Charles B. Stevenson, Respondent.

HARRISON, C.—December 30, 1890, the defendants, Frank Stevenson and Charles B. Stevenson, his brother, executed to the plaintiff their promissory note, together with a mortgage to secure its payment upon certain lands in the county of Los Angeles. The note and mortgage were given for the purpose of taking up a previous note and mortgage given by them to Josefa A. de Miller, which had been assigned to the plaintiff, and were executed by Frank individually and as the attorney for Charles under a special power of attorney, by which Charles had authorized Frank to make in his name and execute to the plaintiff "a note for the amount due him on a certain note made by myself and Frank Stevenson to Josefa A. de Miller and by her assigned to" the plaintiff; and also to execute a mortgage to secure the same upon the same property as that which was given to secure the note to Miller. No payment was made upon this note, and on December 27, 1895, Frank, acting for himself, and purporting to act as attorney in fact for his brother Charles, executed to the plaintiff another note for the amount due upon the former one, together with a mortgage to secure its payment, upon the same property, in consideration of which the plaintiff surrendered to him the former note, and caused the mortgage to be canceled of record. No payments having been made upon the latter note, the plaintiff brought the present action for its recovery, and to foreclose the mortgage given to secure its payment. After the original complaint had been filed, he filed an amendment thereto in the nature of an additional count, in which he alleged the execution of the note and mortgage of 1890; that nothing had been paid thereon; that on December 27, 1895, the defendants executed to him the note and mortgage of that date; that said note and mortgage were intended to be and were in fact a renewal of those of 1890; and prayed that in case the note set forth in the original complaint should be declared invalid, he might have judgment against the defendants upon the note and mortgage of 1890. The defendant Charles in his answer admitted the execution of the note and mortgage of 1890, and alleged that the same

had been paid, satisfied in full and extinguished; denied that he had executed or authorized the execution of the note and mortgage of 1895, and denied that said note and mortgage were intended to be or were in fact a renewal of those of 1890; and alleged that the latter note and mortgage were barred by the statute of limitations. He also set forth the power of attorney given by him to his brother Frank in 1890, and alleged that he had not given him any other authority to execute a note or mortgage in his name; that at the time of the execution of the note and mortgage of 1890 this power of attorney was delivered to the plaintiff, who had caused it to be recorded; that with knowledge of these facts the plaintiff had agreed with Frank that the latter should execute to him the note and mortgage of 1895 in payment and extinguishment of the note and mortgage of 1890, and that, in pursuance of such agreement, Frank had executed and delivered to the plaintiff the note and mortgage of 1895, and the plaintiff had accepted the same and surrendered the former note and acknowledged of record full satisfaction of the mortgage. The defendant Frank made no answer to the complaint as originally filed or as amended. Upon the trial of the cause the court found the facts substantially in accordance with the allegations in the answer of Charles, and found that the plaintiff agreed with Frank to accept the note and mortgage of 1895 in satisfaction of the note and mortgage of 1890, and that, in pursuance of this agreement, he surrendered the note and entered satisfaction of the mortgage. Upon these facts the court held that the plaintiff was entitled to judgment against the defendant Frank upon the note and mortgage of 1895, but was not entitled to judgment against the defendant Charles upon either of the notes or mortgages, and entered judgment in accordance therewith. From the judgment entered in favor of Charles and from an order denying a new trial against him the plaintiff has appealed.

For the purpose of determining the plaintiff's right of action, the complaint as amended is to receive the same consideration as if the matters alleged in the amendment had been included in the complaint when originally filed. This additional count sets forth a cause of action against the defendant Charles, and, as the court found that this cause of action is not barred by the statute of limitations, the plain-

tiff was entitled to judgment thereon against him, unless the other matters alleged in his answer constitute a defense thereto and were established at the trial.

The court finds that the only consideration for the note and mortgage of 1895 was, that they were delivered by Frank and accepted by the plaintiff "instead of and to take the place of" the note and mortgage of 1890; that at the time of their execution the plaintiff surrendered the former note to Frank and afterwards caused the mortgage to be satisfied of record. It also finds that the acceptance of the last note and mortgage, the surrendering of the note, and satisfying of record the mortgage of 1890 "amount to" a satisfaction thereof.

The acceptance by the plaintiff of the note and mortgage of 1895 as a renewal of the note and mortgage of 1890, or in substitution therefor, did not of itself operate as an extinguishment or discharge of the latter. One executory agreement is not extinguished by the execution of another between the same parties; nor is a security for an obligation merged in another security of the same degree which is accepted for the same obligation. It is a well-settled rule that, in the absence of an agreement to that effect, a promissory note is not paid by the execution of another note, but that the time for its payment is thereby merely suspended until the maturity of the new note. (*Tolman* v. *Smith*, 85 Cal. 280.) The court does not find, nor was there any evidence, that there was any agreement on the part of the plaintiff that the note and mortgage of 1895 should be accepted in "payment" or "extinguishment" of those of 1890, and its finding that there was an agreement between the plaintiff and Frank Stevenson to accept them in "satisfaction" of the former, as well as its finding that the surrender of the note by the plaintiff and his discharge of the mortgage were made in pursuance of such agreement, was not justified by the evidence before it. The plaintiff testified that when the note of 1890 was about to expire, upon the representation of Frank that if he had a little more time he could sell the property, he said to him that if it would be any accommodation to him he would allow him to renew the mortgage if he wished to; that Frank was very thankful to have that opportunity, and so the new note was made out. "I went up and canceled the old one on these

terms, not receiving a dollar, nor any thought of it being a settlement in any part.'' Frank Stevenson testified that ''there was no agreement made by the plaintiff in relation to the payment and satisfaction of the note and mortgage of 1890.'' He also testified that during the negotiations for the note of 1895 ''it was said'' that the old note and mortgage were to be paid and extinguished by the new note and mortgage, but he did not state by whom this expression was used, or that the plaintiff assented thereto, nor does he qualify his previous statement that there was no such agreement on the part of the plaintiff. Moreover, irrespective of any agreement between the plaintiff and Frank, inasmuch as the court finds that at that time Frank had no authority to act in behalf of his brother, Charles could not be affected by any negotiations or agreement between Frank and the plaintiff.

As a defense to the plaintiff's right of foreclosure, the respondent relies upon the satisfaction of the mortgage, which the plaintiff entered of record in December, 1895. But, while the discharge of a mortgage is presumptive evidence that it has been satisfied, it is not conclusive thereof. If it be shown that the discharge or acknowledgment of satisfaction was obtained through fraud, or was made by reason of some mistake of fact, it will be inoperative, and the mortgage may still be foreclosed. (Jones on Mortgages, sec. 966; *Freeholders of Middlesex* v. *Thomas,* 20 N. J. Eq. 39; *Pearce* v. *Buell,* 22 Or. 29.)

Mistake is the foundation of one of the chief branches of equity jurisprudence, and the exercise of equity jurisdiction is frequently had where a contract as written does not express the terms of the actual agreement between the parties. This jurisdiction is often invoked to set aside or cancel the release of a mortgage that has been given under a mistake of fact, or contrary to the evident intention of the parties; notably when, upon the execution of a new mortgage, in renewal or as a substitute for a prior one, the former mortgage is released in ignorance of the existence of an intervening lien. Equity looks at the intention of the parties, and will control the effect of a release executed under a mistake of fact, or cause it to be canceled, when no intervening rights have accrued by reason of the mistake. (Jones on Mortgages, sec. 971; Story's Equity Jurisprudence, sec. 167; Pomeroy's Equity Jurisprudence,

sec. 871; *Swift* v. *Kraemer*, 13 Cal. 526;[1] *Birrell* v. *Schie*, 9 Cal. 104; *Matzen* v. *Schaeffer*, 65 Cal. 81; *Shaffer* v. *McCloskey*, 101 Cal. 576; *Pearce* v. *Buell*, 22 Or. 29; *Hutchinson* v. *Swartsweller*, 31 N. J. Eq. 205; *Bruse* v. *Nelson*, 35 Iowa, 157; *Young* v. *Shaner*, 73 Iowa, 555;[2] *Geib* v. *Reynolds*, 35 Minn. 331.) "The principle which runs through all cases of this description," says Barculo, J., in *Barnes* v. *Camack*, 1 Barb. 392, "is that when the legal rights of the parties have been changed by mistake, equity restores them to their former condition, when it can be done without interfering with any new rights acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons."

It is very evident that the surrender of the note by the plaintiff, and his discharge of the mortgage of 1890, were made by reason of a mistake as to the character of the power of attorney under which Frank purported to act in behalf of his brother in giving the note and mortgage of 1895. The instrument was not before them during this transaction and they each testified that they supposed that it authorized Frank to execute that note and mortgage. "Mistake of fact" for which a contract may be avoided is defined in the Civil Code (sec. 1577) to be "An unconscious ignorance or forgetfulness of a fact past or present, material to the contract." The forgetfulness or ignorance on the part of both the plaintiff and Frank of the terms of the power of attorney given by Charles is as fully within the scope of this definition as is the forgetfulness or ignorance of an intervening lien on the part of a mortgagee when, upon the renewal of an existing mortgage, he releases the old mortgage without intending to surrender his security against such intervening lien. It is not to be assumed that the plaintiff knowingly intended to accept an unauthorized note and mortgage of the respondent in satisfaction of a valid one, or to surrender and cancel an existing obligation and security without receiving any consideration therefor; or that if he had known that the power of attorney under which Frank acted did not give him authority to bind his brother by a new note and mortgage, he would have satisfied the old mortgage of record or surrendered the old note. (See *Bruse* v. *Nelson*, 35 Iowa, 157.)

---

[1] 73 Am. Dec. 603.　　　　　　[2] 5 Am. St. Rep. 701, and note.

There is no substantial difference between the facts in this case and those presented in *Swift* v. *Kraemer,* 13 Cal. 526,[1] and the principle governing them is the same in both cases. In that case Revalk had mortgaged his property to Kraemer prior to his marriage, and after his marriage executed to him another mortgage, in consideration of which Kraemer on the same day canceled the prior mortgage. Revalk's wife did not join in the latter mortgage, and it was sought to hold the property free from its lien. The court held, however, that the cancellation of the old mortgage and the substitution of the new were to be regarded as contemporaneous acts, and not as creating a new encumbrance, but simply changing the form of the old, saying: ''A court of equity, looking to the substance of such a transaction, would not permit a release, intended to be effectual only by force of, and for the purpose of giving effect to, the last mortgage, to be set up, even if the last mortgage was inoperative. It would not permit Revalk to take Kraemer's money and apply it in extinguishment of a prior encumbrance, and then claim that the property should neither be bound by the new mortgage nor the old.'' So, in the present case, we say, a court of equity will not permit Charles to set up as a defense to the mortgage of 1890 the release which was given by the plaintiff in·consideration of the execution by Frank of a new mortgage, and at the same time contend that Frank had no authority to execute the new mortgage. It will not permit him to claim that his property was released from the mortgage of 1890 in consideration that it should be covered by the mortgage of 1895, and at the same time claim that the property should not be bound by either the new mortgage or the old.

The respondent has not shown any equitable consideration which requires the release to be sustained against the claim of the plaintiff. He was not a party to the agreement under which the release was given, and does not appear to have known of it until several years thereafter. No consideration was given by him for it, and no change has since taken place in his relation to the property by reason of the transaction. His denial of any authority in Frank to execute the note and mortgage of 1895 was a repudiation of Frank's acts, and precludes him from availing himself of the agreement then

[1] 73 Am. Dec. 603.

made between Frank and the plaintiff. Equity will not permit him to claim the benefit of the release which was given in consideration of the execution of the mortgage of 1895, and at the same time repudiate the act of his brother in giving that mortgage. He cannot accept the benefit of the transaction without assuming the obligation for which that benefit was given (Civ. Code, sec. 1589) ; nor can he ratify a portion of his brother's unauthorized act without at the same time ratifying the whole. (Civ. Code, sec. 2311.)

Upon the facts before the court it should have rendered a decree for the foreclosure of the mortgage of 1890, as prayed by the plaintiff. It was not necessary for him to obtain a decree directing a cancellation of the discharge which he had entered of record in 1895 before commencing an action for its foreclosure (*Chester* v. *Hill*, 66 Cal. 480) ; nor was it necessary that a formal direction for canceling the discharge should be entered by the court before rendering the decree of foreclosure. As soon as it was shown that the mortgage was inoperative it ceased to be a defense to the suit, and by reason of such finding passed from further consideration. Neither was it necessary for the plaintiff to set forth in his complaint the facts upon which he claimed that the discharge was inoperative, or to ask that it be canceled. He could not anticipate that the respondent would rely upon this discharge as a defense (*Moore* v. *Copp*, 119 Cal. 429), and after his answer had been filed the statute (Code Civ. Proc., sec. 462) operated as a replication, under which evidence of any facts controverting this defense could be introduced as fully as if specially pleaded. (*Moore* v. *Copp*, 119 Cal. 429; *Sterling* v. *Smith*, 97 Cal. 343; *Brooks* v. *Johnson,* 122 Cal. 569; *Arthur* v. *Homestead etc. Ins. Co.*, 78 N. Y. 462.[1])

The judgment and order denying a new trial should be reversed.

Chipman, C., and Cooper, C., concurred.

For the reasons above given the judgment and order denying a new trial are reversed.

Van Dyke, J., Shaw, J., Angellotti, J.

[1] 34 Am. Rep. 550.