[S. F. No. 5173.   Department One.—April 7, 1910.]

## VIRGINIA C. COONEY, Administratrix of the Estate of MARGARET J. COONEY, Deceased, Appellant, v. THOMAS J. GLYNN, Respondent.

CONSTRUCTIVE TRUST — PLEADING — WILL OF MOTHER TO DAUGHTER—CHANGE TO DEED TO SON AT HIS REQUEST—PAROL TRUST FOR SISTER — CONFIDENTIAL RELATIONS — REPUDIATION. — A complaint by a daughter averring that her aged mother willed certain real estate to her while she was residing with her son; that the relations between mother and son had been confidential and intimate for many years; that he had transacted her business and that she trusted him implicitly, and that, upon his suggestion that it would be better to cancel the will and convey the property to him, upon his promise to hold it in trust for his sister and pay her the rents and profits, and convey to her upon demand, the mother relying thereon, canceled the will, and made him a deed of gift without other consideration than said promise; that he took possession and applied the rents and profits in part for the sister's benefit, and afterwards repudiated the trust,—states a cause of action to enforce a constructive trust against her brother.

ID.—SUFFICIENCY OF EVIDENCE—NONSUIT IMPROPERLY GRANTED.—Where the evidence for the plaintiff sustained the material allegations of the complaint, established the confidential relations, and the promise of the defendant, and the reasons suggested by the son for the advantage of making the deed in place of the will, and that after he took possession and continued to apply the rents and profits for the sister's benefit he repeatedly admitted holding the property from his mother for the benefit of his sister, and avowed his intention to fulfill it and convey to her at the proper time, and his subsequent

repudiation of the trust and refusal to convey,—a motion for a non-suit of the plaintiff was improperly granted.

ID.—TRUST BY OPERATION OF LAW—CONFIDENTIAL RELATIONS—CONVEY-ANCE UPON PAROL PROMISE—BREACH CONSTITUTING FRAUD.—Where confidential relations exist between two parties, and one of them executes a conveyance of land to the other upon a parol promise either that he will hold it for the benefit of the grantor or for the benefit of a third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor or in favor of the third person for whom the property is held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises.

ID.—CONTINUING PROMISE MADE IN GOOD FAITH—TRUST ARISING UPON REPUDIATION.—If the promise is made in good faith, and if it is of a continuing nature, the performance of it for a time does not prevent a trust from arising when it is broken and repudiated.

ID.—EVIDENCE—CONTENTS OF WILL AND EXECUTION ADMISSIBLE—ER-RONEOUS RULING.—The contents of the will devising the property in controversy to the daughter and proof of the execution thereof were clearly admissible, in connection with the proof of its destruc-tion and the substitution of the deed therefor at defendant's instance, as being material and competent evidence bearing upon the con-structive trust alleged; and it was error to exclude such evidence. The fact that it ceased to be effective as a probative instrument and became void as a dispositive instrument is immaterial to its admis-sibility under the circumstances here appearing.

ID.—ACTION NOT BARRED BY LIMITATION OR LACHES—REPUDIATION OF CONTINUING TRUST WITHIN ONE YEAR BEFORE SUIT.—The claim that the action to enforce the trust is barred by limitation and laches is not sustainable where there was a continuous recognition of the trust, and no repudiation thereof until within less than one year prior to the commencement of the action to enforce the same.

ID.—APPLICABILITY OF LIMITATION AND LACHES—CONTINUING PROMISES —REPUDIATION ESSENTIAL.—Where the promises which induced the conveyance are of a continuing nature, especially between members of the same family, the doctrine of laches does not necessarily bar the action until there is a repudiation of same or some act which would give notice to the beneficiary that the trustee no longer acknowledged any obligation to comply with the terms of the parol promise. In cases of this character, neither the statute of limitations nor the equitable doctrine of laches begin to operate until the trustee begins to act in hostility to the continuing obligation imposed by the parol agreement and understanding.

ID.—ADMISSIONS OF ORIGINAL PROMISE NOT NEW PROMISE.—Although the constructive trust rests upon the original parol promise and not upon any new promise, evidence of the admissions of the con-tinuous existence of the original promise and of the intention to perform it does not show or constitute any new promise, but is

merely evidence of what occurred at the very time of the original transaction.

ID.—APPEAL FROM JUDGMENT OF NONSUIT—REVIEW—CONFLICTING EVIDENCE.—Upon an appeal from a judgment of nonsuit the rule regarding inconsistent or conflicting evidence is almost exactly the opposite of what it would be in considering the same evidence after a decision upon the merits. Upon such appeal the evidence is to be taken in the sense most favorable to the plaintiff; merely contradictory evidence against the plaintiff is to be rejected; and the plaintiff must prevail if there is enough evidence to make out the case alleged.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Bishop, Hoefler, Cook & Harwood, and Alfred J. Harwood, for Appellant.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

SHAW, J.—This is an appeal by the plaintiff from a judgment entered in favor of the defendant upon motion for a nonsuit at the close of plaintiff's evidence.

The action was begun by the deceased, Margaret J. Cooney, in her lifetime. The present plaintiff was substituted during the pendency thereof, upon the death of Margaret J. Cooney.

The complaint states a case to enforce a constructive trust in real estate. In substance it shows the following facts: Bridget Gallagher was the mother of Margaret J. Cooney, the original plaintiff, and of Thomas J. Glynn, the defendant. In the year 1891 she resided at the house of the defendant, Glynn, living with him as a member of the family. She was then about seventy-six years of age. The relations between them had been confidential and intimate for many years before that time. He had been accustomed to transact business for her and she relied upon him and trusted him implicitly with respect thereto. On the 23d of March, 1891, Mrs. Gallagher executed a will wherein she devised the premises in controversy to her daughter, Margaret J. Cooney. A few days thereafter the defendant suggested to Mrs. Gallagher that it would be more advantageous to cancel the will and convey the property to him

and he promised that if she would do so he would hold the same in trust for the use of Margaret J. Cooney. Thereupon, Mrs. Gallagher, assenting thereto, destroyed the will and, relying upon his promise to hold the property in trust for his sister, executed to him a deed purporting to be a gift of the property to him. There was no other consideration for the conveyance. It was made upon the express understanding that he would hold the property in trust for his sister and pay or apply the rents thereof to her use and benefit and convey the same to her upon demand. Thereupon he went into possession of the property, collected the rents and profits and applied them in part to the use and benefit of Margaret J. Cooney until December, 1904, at which time he began to apply the whole thereof to his own use and refused to convey the premises to her. She thereupon demanded a conveyance to herself which he refused to make.

The evidence was sufficient to establish the material allegations of the complaint. With regard to the trust, it was shown that during the year 1890 Mrs. Gallagher began to reside with Glynn as a member of his family, that she was the mother of Glynn and Mrs. Cooney, that she had executed a will on the 23d of March, 1891, that on the 27th of March in that year she executed the deed in controversy, and that the deed was made in pursuance of an understanding between Glynn and Mrs. Gallagher that he would hold the property in trust for his sister, Mrs. Cooney, and that he would receive the income therefrom and pay it to his sister or for her use. One of the reasons for making this arrangement was a fear that if it was put in Mrs. Cooney's control, her husband would induce her to sell the property and that it would thereupon be dissipated. It also appeared that the lot immediately adjoining the property in controversy was owned by Glynn, that there was a belief that the two would sell to better advantage if sold together than if sold separately, and also that if a building were to be erected it could be done more advantageously by erecting a single building upon all of the lots and dividing the income therefrom according to the respective interests, and that it was expected that at some time this could be done, or that a sale would be made, and that Glynn could manage the matter better if he held the title to both. Glynn took possession of the premises and from that time until 1904 proceeded to collect the

rents therefrom. Thereafter, to Mrs. Cooney's children, he repeatedly admitted that he was holding the same in trust for the benefit of his sister. In each instance he assured them that it was all right, that he was holding the property for their mother, and that he had so adjusted his affairs that if anything happened to him it would be hers upon his death. He applied the rents to her satisfaction, and, for the most part, to her use or to the use of her family. There is evidence to support the conclusion that, until the year 1904, he never denied his trust obligation, but always, upon inquiry, avowed his intention to fulfill it and to convey the property to Mrs. Cooney at the proper time.

Upon these facts it seems perfectly clear that the case made was that of a constructive trust in favor of Mrs. Cooney, and that the nonsuit was improperly granted. It has been established by a number of decisions in this state, that where confidential relations exist between two parties and one of them executes a conveyance of real estate to the other, upon a parol promise by the other that he will hold it for the benefit of the grantor, or for the benefit of some third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor, or in favor of the third person, for whom the property is to be held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises. If made in good faith, and if it is of a continuing nature, the performance of it for a time does not prevent a trust from arising when it is broken and repudiated. (*Brison* v. *Brison,* 75 Cal. 525, 529, [7 Am. St. Rep. 189, 17 Pac. 689]; *Brison* v. *Brison,* 90 Cal. 323, 334, [27 Pac. 186]; *Jones* v. *Jones,* 140 Cal. 590, [74 Pac. 143]; *Broder* v. *Conklin,* 77 Cal. 330, 338, [19 Pac. 513]; *Alaniz* v. *Casenave,* 91 Cal. 41, 46, [27 Pac. 521]; *Nordholt* v. *Nordholt,* 87 Cal. 552, [22 Am. St. Rep. 268, 26 Pac. 599]; *Feeney* v. *Howard,* 79 Cal. 525, 529, [12 Am. St. Rep. 162, 21 Pac. 984]; *Odell* v. *Moss,* 130 Cal. 356, [62 Pac. 555]; *Hayne* v. *Herman,* 97 Cal. 259, [32 Pac. 171]; *Butler* v. *Hyland,* 89 Cal. 575, [26 Pac. 1108].

The entire question is discussed at great length in *Brison* v. *Brison,* 75 Cal. 525, 529, [7 Am. St. Rep. 189, 17 Pac. 689], and it is unnecessary to elaborate upon it here. The other cases cited illustrate numerous phases of the question in which

it was attempted to distinguish the Brison case. It is here attempted to distinguish it because in that case the plaintiff was the grantor and the constructive trust, as it was claimed, arose in his favor, whereas here the trust is not claimed on behalf of the grantor of the deed but on behalf of Mrs. Cooney, a daughter of the grantor, and it is said that a trust cannot be thus created in favor of a third person. The case of *Hayne* v. *Herman*, 97 Cal. 259, [32 Pac. 171], was of the same character. In that case the land was conveyed by plaintiffs father to his wife, the defendant, who was plaintiff's mother, upon the express understanding that she would hold the property in trust for the grantor during his life and after his death for the plaintiff and the defendant in equal proportions. After the death of Mr. Herman, the daughter began the suit against her mother, to enforce a trust as to the undivided one half of the property. It was held that the case was not distinguishable in principle from that of *Brison* v. *Brison* and that the trust arose by operation of law and could be enforced by the third person as a beneficiary.

It was claimed by the plaintiff that four days prior to the execution of the deed in controversy, Mrs. Gallagher had executed the will wherein she devised the property in controversy to Margaret J. Cooney and that, at the suggestion of the defendant, the will was destroyed and the deed executed to him instead thereof, upon his promise to hold the property for the benefit of Mrs. Cooney. Upon the trial, the court rejected all evidence concerning the contents of the will and the execution thereof. This was clearly erroneous. It seems that the evidence was rejected upon the theory that as the will was destroyed and had never been admitted to probate it was absolutely void even as evidence, referring to the case of *McDaniel* v. *Pattison*, 98 Cal. 86, [27 Pac. 651, 32 Pac. 805]. It is true that it is there declared that as a dispositive instrument an unprobated will is without effect. But, under the circumstances appearing here, the fact of the execution of the will by Mrs. Gallagher, the devise of this property to Mrs. Cooney, its subsequent destruction at the instance of the defendant and the execution of a deed in lieu thereof to the defendant in trust for Mrs. Cooney, would be material and competent evidence to establish the constructive trust alleged. The evidence should have been admitted.

It is claimed that the action is barred by the statute of limitations and by laches. It appears from the evidence, however, that the defendant at all times recognized his obligations to hold the property for Mrs. Cooney and to apply the income therefrom to her use or in accordance with her direction. It is also shown that he did so apply the rents and profits, or at least the greater part thereof, and that he at no time repudiated the trust until within less than a year prior to the beginning of the action. The case in this respect is similar to *Butler* v. *Hyland,* 89 Cal. 575, [26 Pac. 1108] ; *Odell* v. *Moss,* 130 Cal. 356, [62 Pac. 555], and *Hovey* v. *Bradbury,* 112 Cal. 620, [44 Pac. 1077]. In *Butler* v. *Hyland* the property was conveyed by a third person to the aunt of plaintiff under circumstances which created a trust in favor of the plaintiff, a trust arising by operation of law. The terms of the trust were that her aunt should hold the property in trust for the plaintiff and that was the purpose for which the conveyance was made. The plaintiff was a member of the family of her aunt. The rental value was small and none of it was ever paid to plaintiff, but she knew her aunt was paying the taxes, assessments, and repairs. A period of nearly twenty years elapsed after the conveyance was made before the beginning of the action and the plaintiff was of age for sixteen years before the action was begun. It was held that where the promises which induced the conveyance are of a continuing nature, as in that case, and especially between members of one family, the doctrine of laches does not necessarily bar the action until there is a repudiation, or some act which would give notice to the beneficiary that the trustee no longer acknowledged any obligation to comply with the terms of the parol promise. The other cases are similar in character. The principle established by them is that in cases of this character neither the statute of limitations nor the equitable doctrine of laches begin to operate until the trustee begins to act in hostility to the continuing obligation imposed by the parol agreement or understanding.

The respondent makes the point that a constructive trust cannot be raised by any agreement made after the execution of the conveyance. This may be conceded to be correct, but the case shown by the evidence is not of that kind. The declarations of the defendant which were made to the children of the deceased, Mrs. Cooney, a few days after the execution

of the conveyance, were not declarations constituting a promise made at that time to hold the property in trust, but they were statements by him admitting that at the time the deed was executed he had made these promises. They constituted evidence therefore of what had occurred at the very time of the transaction and were not subsequent promises made by him.

The evidence was not in all respects consistent. If the case had been submitted upon the merits and thereupon the court below had made findings and given judgment for the defendant, it may be that there would be found enough in the evidence to support that judgment upon appeal to this court, in view of the limited power of the court to review the decisions of the trial courts in cases submitted to it upon the merits. But upon an appeal from a judgment of nonsuit, the rule regarding conflicting evidence is almost exactly the opposite of what it would be in considering the same evidence after a decision upon the merits. Upon a nonsuit the evidence is to be taken in the sense most favorable to the plaintiff, merely contradictory evidence against the plaintiff is to be rejected and the plaintiff must prevail if there is enough evidence to make out the case alleged, although there may be contradictory evidence which, if given effect and allowed to prevail, would defeat plaintiff. We have not attempted to relate the evidence contradictory to the facts above stated. In any event the reversal is necessary because of the exclusion of the evidence concerning the will.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.