## WILLIAMS v. LEVY.

### No. 6501.

Circuit Court of Appeals, Ninth Circuit.

Dec. 7, 1931.

C. Huntington Jacobs, Arthur P. Shapro, and A. L. Crawford, all of San Francisco, Cal., for appellant.

Owen D. Richardson and Donald B. Richardson, both of San Jose, Cal., and Reuben G. Hunt, of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This appeal is taken from an order of the district judge made in a proceeding brought to review an order of a referee in bankruptcy. Irving S. Levy was the petitioner on review, and he is the appellee here. The referee had held that a parcel of land, with improvements thereon, title to which stood of record in the name of the bankrupt, but as to which Irving S. Levy had paid all of the consideration involved in the acquiring of the lot, was subject to sale as property of the bankrupt estate. The referee in his findings determined that notwithstanding that the purchase price of the property had been paid by Levy and that the bankrupt had acted only for the purpose of holding the title, that Levy had allowed an unreasonable length of time to elapse before attempting to enforce his rights; that he had not come into court with clean hands; and that he had attempted to commit a fraud upon the court. He further found that appellee had agreed to pay a reasonable compensation for the use of the bankrupt's name and that such compensation had not been paid. In conclusion the referee determined that the trustee had the right to sell the property free and clear of any claim of appellee.

The district judge on review set aside the order of the referee and directed that the matter be referred back for further proceedings, stating in effect that it should be determined only whether a lien existed against the particular property for the benefit of the bankrupt on account of compensation to be paid him by appellee for permitting the title to the property to be shown in his name.

A statement of the evidence heard before the referee is set out in the transcript. As to the facts now stated there was not the slightest dispute: The bankrupt for more than ten years, and up to within a few months prior to the commencement of the proceeding in bankruptcy, had worked for the merchandising firm of Levy Brothers, of which appellee was a member, acting in part as salesman. For these services he was paid the sum of $35 per week. Appellee, outside of his merchandising business, made

various investments and with the bankrupt's consent used the latter's name instead of his own in taking title to properties which he acquired. The aggregate of the transactions in which bankrupt's name was used involved a consideration of at least $50,000. At the time the bankruptcy petition was filed, the parcel of land involved herein was the only one left standing in the name of the bankrupt.

The only conflict at all in the testimony referred in the first place to the question as to whether appellee had agreed to specially compensate the bankrupt for allowing his name to be used in the transactions of appellee, and, second, as to whether a deed produced by appellee at the referee's hearing, and which purported to transfer to appellee from the bankrupt title to the parcel of land in question, was genuine. Appellee testified that the amount of $35 per week which was paid to the bankrupt for his services was ample to cover any compensation for the use of the bankrupt's name in the manner hereinbefore described, and that he had never agreed to pay the latter anything additional on that account. The bankrupt testified that appellee had agreed, referring to the real estate transactions in which the bankrupt acted as "dummy," to take care of him, and that he (the bankrupt) had requested that he be paid compensation. The mother of the bankrupt testified that she had interviewed the Levy brothers and protested against the use of the bankrupt's name without compensation and had been assured that he would be paid.

The referee found that the deed which purported to convey the lot from the bankrupt to appellee was not genuine and had never been executed by the bankrupt. This finding was made upon a sharp conflict in the evidence. The brother of appellee testified that the bankrupt had signed the deed in his presence and that he had witnessed it. The bankrupt himself did not affirm positively that he had not signed the deed, stating only that he was "quite certain that it was not his signature."

The case as made by the facts is one where the bankrupt, prior to bankruptcy, took the naked legal title to property, the whole ownership of which was in appellee, with the duty upon demand of appellee to transfer the same to him. It would be strange indeed if in such a situation, where bankruptcy has intervened, the trustee of the title holder's estate could, by securing an order of a referee to that effect, wipe out all of the property rights of the owner in the land. There is not a finding, as made by the referee, which can justify the order which was reviewed by the district judge. No situation was presented or claimed as that where the purchaser of property has had title taken in the name of another person, and has knowingly allowed such person to obtain credit upon the representation that he was the true owner thereof. Neither are the rights of any innocent transferees involved. The case is so plain as that a mere statement of the undisputed facts answers every argument of the trustee. There could be no laches urged to defeat the interest of appellee, for he appeared promptly when the trustee applied to the referee for an order to sell the lot as the property of the bankrupt estate, and established his claim. The referee seems to have been influenced by the fact, which he found upon conflicting evidence, that the deed which appellee produced, and which purported to convey the lot from the bankrupt to the appellee, was not genuine and that the bankrupt had not signed it. But what possible difference could that fact make in the determination of the right of appellee to have the lot, which was by all the evidence admittedly his, reserved to him? A finding that the deed was not genuine would have the effect only, which the district judge accorded to it, of leaving the question open as to whether there was a charge to be ascertained in favor of the bankrupt for reasonable compensation for the use of his name with respect to this particular lot, and which charge might be determined to be a lien against it. As the appellee is not complaining of the order of the district judge in that regard, it may be assumed that in further proceedings before the referee, the matter will be given attention and properly ruled upon.

While we consider that this case argues itself upon the facts to the conclusions indicated, and that a citation of authorities is not needed, appellee's reference to section 853, California Civil Code, declaring that a trust is presumed to result in favor of a person paying a consideration where title is taken in the name of another, also the case of Cooney v. Glynn, 157 Cal. 583, 108 P. 506, on the question of laches, are pertinent and applicable.

The order appealed from is affirmed.