[Civ. No. 11871. First Dist., Div. Two. Mar. 24, 1942.]

GEORGE AMBROSE O'BRIEN, Appellant, v. WILLIAM FRANCIS O'BRIEN et al., Respondents.

Eric J. Robertson and Meurice Swim for Appellant.

Wolff & Wolff, Harry K. Wolff, Norman Sanford Wolff and Harry K. Wolff, Jr., for Respondents.

SPENCE, J.—Plaintiff's second amended complaint contained two counts. In the first count, plaintiff sought to have it declared that defendant William Francis O'Brien was holding two parcels of real property in trust and that plaintiff was entitled to a conveyance of a one-half interest therein. In the second count, plaintiff sought to quiet his title to a one-half interest in said real property. The trial court sustained the demurrers of the defendants to said second amended complaint without leave to amend. Judgment was thereupon entered in favor of defendants and from said judgment, plaintiff appeals.

Plaintiff contends that the trial court erred in sustaining said demurrers to the second amended complaint without leave to amend and in our opinion said contention must be sustained. The first count of the second amended complaint alleged the following material facts: That plaintiff and defendant William Francis O'Brien are brothers and they are the sons of Margaret O'Brien, who died in 1917. That during her lifetime, said Margaret O'Brien was the custodian and trustee of the accumulations and savings of the family, including those of the said brothers, and that said funds were held for the mutual benefit of said brothers. That said two parcels of real property were purchased with said funds. That in 1916, said Margaret O'Brien informed said brothers of her intention to convey said real property to defendant William Francis O'Brien upon condition that he promise and agree to hold one-half thereof in trust for plaintiff. That said defendant so agreed and that said Margaret O'Brien, relying solely upon said promise and without any other consideration, conveyed said property to said defendant upon said agreement and understanding. That in 1926, and while said defendant was holding said property pursuant to said trust, plaintiff and said defendant agreed to build and did build an apartment house on one of said parcels of real property and it was further agreed that plaintiff would manage and operate said apartment house for their joint and mutual benefit. That since that time and until December, 1939, plaintiff has so managed and operated said apartment house for their joint

and mutual benefit and has accounted to said defendant for the income thereof. That at all times prior to December, 1939, peace and harmony existed between plaintiff and said defendant and each reposed great confidence in the other. That in December, 1939, said defendant, who was then 79 years of age, repudiated said trust by ordering plaintiff to vacate and move from said apartment house and by placing another in the management thereof for the purpose of defrauding plaintiff of his one-half interest in said property. That it was not until December, 1939, when plaintiff was served with a notice to surrender and vacate the premises, that he learned of said defendant's purpose to defraud him of said property and to repudiate said trust. The second count of the complaint contained the judicially approved allegations of the ordinary count to quiet title. The action was commenced in January, 1940.

While the second amended complaint may not have been a model pleading, the foregoing facts were pleaded with sufficient certainty and they stated a cause of action for a declaration of a trust in plaintiff's favor. (*Smith* v. *Lombard,* 201 Cal. 518 [258 Pac. 55] ; *Taylor* v. *Morris,* 163 Cal. 717 [127 Pac. 66] ; *Lauricella* v. *Lauricella,* 161 Cal. 61 [118 Pac. 430] ; *Cooney* v. *Glynn,* 157 Cal. 583 [108 Pac. 506] ; *Brison* v. *Brison,* 75 Cal. 525 [17 Pac. 689, 7 Am. St. Rep. 189] ; 25 Cal. Jur. 165, sec. 35.) This type of trust has been termed a "voluntary constructive trust" or a "positive, voluntary trust resting in parol" and it has been said that "neither the statute of limitations nor the equitable doctrine of laches begin to operate until the trustee begins to act in hostility to the continuing obligation imposed by the parol agreement or understanding." (*Cooney* v. *Glynn,* 157 Cal. 583 [108 Pac. 506] ; see, also, *Taylor* v. *Morris,* 163 Cal. 717, 725 [127 Pac. 66].) Here it appears that first acts of the alleged trustee in hostility to the alleged trust were committed in December, 1939. The action was commenced in January, 1940, and it therefore appears clear that defendants' claim that plaintiff's alleged cause of action was barred by the statute of limitations and by laches cannot be sustained.

 Defendants further claim in their briefs that there are certain alleged contradictions between the allegations of the second amended complaint and the allegations contained in the complaints previously filed. It appears unnecessary to

discuss these claimed contradictions for the complaints previously filed have been superseded by the second amended complaint and it appears well settled that reference cannot be made to the superseded complaints for the purpose of contradicting the last complaint. (*Penziner* v. *West American Finance Co.*, 133 Cal. App. 578 [24 P. (2d) 501]; *Bray* v. *Lowery*, 163 Cal. 256 [124 Pac. 1004]; *Johnson* v. *Powers*, 65 Cal. 179 [3 Pac. 625]; *Maddux* v. *Mora*, 99 Cal. App. 695 [279 Pac. 467].)

The judgment is reversed with directions to the trial court to overrule the demurrers.

Nourse, P. J., and Sturtevant, J., concurred.