[Civ. No. 1005. First Appellate District.—June 17, 1912.]

J. T. FLEMING, Appellant, v. FRANK SHAY, as Administrator of the Estate of WILLIAM HALE, Deceased, Respondent.

ACTION TO ENFORCE TRUST—DELAY IN BRINGING SUIT—QUESTION OF LACHES OR INJURY—DISTINCTION IN RULES—DISAVOWAL OR CONTINUOUS ACKNOWLEDGMENT OF TRUST.—Although it is a settled rule that when for a great length of time a trustee acts toward trust property as if it were his own, with knowledge of the beneficiary, who makes no assertion of his own conflicting claim, or when it appears that the long delay of the beneficiary in asserting his right works a substantial prejudice to the trustee or to third persons, equity in such case, acting independently of the statute of limitations, will refuse to grant relief on the ground that the *cestui que trust* has been guilty of laches, yet this rule does not apply when the beneficiary is not guilty of laches in the enforcement of a trust against the estate of the deceased trustee, and it is not injured by the delay, but the trust was continuously acknowledged by the trustee up to the time of his death, who stated that the trust fund was producing a good profit and would be paid over on demand at any time.

ID.—DELAY IN BRINGING SUIT EXCUSED.—When it appears positively that the defendant has continuously recognized the plaintiff's right, and was acting in good faith as a trustee for his benefit, delay on the part of the plaintiff in bringing suit will be excused. The continued acknowledgment by the trustee of plaintiff's right is generally sufficient to account for delay in bringing suit to enforce it.

ID.—SUFFICIENT CLAIM AGAINST ESTATE, AND SUFFICIENT COMPLAINT AFTER REJECTION—ERRONEOUS JUDGMENT—REVERSAL.—Where a

sufficient claim was presented by plaintiff against the estate of the deceased trustee for the amount of the trust fund, and was rejected, and a sufficient cause of action to enforce the same was set forth in an amended complaint, which reveals nothing inconsistent with the acknowledgment of the trust and shows no laches on the part of the plaintiff, the court erred in sustaining a demurrer thereto and entering judgment for the defendant, and it must be reversed with directions to overrule the demurrer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

S. J. Hankins, and H. J. Hankins, for Appellant.

Frank W. Shay, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment entered upon an order sustaining a demurrer to an amended complaint.

Substantially and so far as material the allegations of the amended complaint are as follows: That prior to the year 1895 the plaintiff had intrusted to William Hale for the purpose of investment various sums of money, which it was agreed should be held by William Hale in trust, and the profits divided equally between them; that in said year an accounting was had, and upon such accounting it was agreed and determined that Hale at that time had in his hands, in trust for the use and benefit of plaintiff, the sum of $5,000, and that it was further agreed that this sum should remain in the hands of Hale, to be reinvested under the same conditions and trust as before, to wit, Hale to retain in trust for the benefit of plaintiff the $5,000 and one-half of all the profits arising out of or on account of said fund. "That from time to time since the said year of 1895 up to the time of the death of said William Hale, said William Hale, deceased, as trustee, acknowledged and stated to the said plaintiff that the said $5,000.00 held in trust by the said William Hale, deceased, for the use and benefit of said plaintiff, was invested in and

used for various purchases of real property; that said $5,000.00 was producing good returns, and that the said trust fund of $5,000.00 and the one-half of all the profits accruing from the investments of said $5,000.00 would be paid over to the plaintiff herein whenever he, the said plaintiff, so demanded, but that it would be to the benefit of the said plaintiff if he, the said plaintiff, would allow the said money to remain in trust with the said William Hale, deceased, and to be used by said William Hale, deceased, and invested as aforesaid.''

That by reason of the request of Hale plaintiff allowed the trust fund to remain in the latter's hands for the purpose just set forth. That Hale never repudiated said trust and no demand was ever made on him by plaintiff for an accounting, and that the trust fund was in his hands at the time of his death in the year 1908.

That the fund was so commingled with the moneys and property of Hale as to make it impossible for plaintiff to trace the fund. That plaintiff presented a claim against the estate of Hale, which was rejected. Thereupon the present action was brought.

A demurrer to the amended complaint was sustained, and upon the plaintiff refusing to further amend, judgment was entered against him, from which this appeal is taken.

The demurrer was based upon several grounds, but the only one relied on here by the respondent presents the question of whether or not the plaintiff was guilty of laches.

When for a great length of time a trustee acts toward trust property as if it were his own, with knowledge of the beneficiary, who makes no assertion of his own conflicting claim, or when it appears that the long delay of the beneficiary in asserting his rights works a substantial prejudice to the trustee or to third persons, and the delay is unaccounted for, equity, acting independently of the statute of limitations, will refuse to grant relief on the ground that the *cestui que trust* has been guilty of laches. (16 Cyc. 158, 167, 174; *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516]; 18 Am. & Eng. Ency. of Law, 99 et seq.)

In the present case it does not appear that the trustee's estate has been injured by the delay (unless it be by his super-

vening death) ; nor does it appear that the trustee, with the knowledge of the plaintiff, or at all, handled or dealt with the funds in any way hostile to the claim of plaintiff; nor was the delay unexplained, for plaintiff alleges that the deceased never disavowed the trust, and from time to time up to his death acknowledged the same, and stated that the fund was producing a good profit, and that the whole sum due would be paid over on demand at any time. (*Hovey* v. *Bradbury,* 112 Cal. 620, [44 Pac. 1077] ; 16 Cyc. 174; *Cooney* v. *Glynn,* 157 Cal. 583, 589, [108 Pac. 506] ; 18 Am. & Eng. Ency. of Law, 111.) The last authority cited lays down the rule in this regard in the following language: "When positive evidence exists, which proves that the defendant has all along recognized the plaintiff's right, delay on the part of plaintiff in bringing the suit will be excused."

"The continued acknowledgment," reads 16 Cyc. 174, "by the defendant of plaintiff's right is generally sufficient to account for delay by plaintiff in bringing suit to enforce it."

In the case of *Peebles* v. *Reading,* 8 Serg. & R. (Pa.) 484, 494, it was held that fourteen years would not be a reasonable time to enforce a trust, unless the trust was kept up by declarations from time to time.

A similar declaration to the one here was considered in the case of *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516] ; but there it appeared that Dutard for thirty-five years had "dealt with all the property acquired as absolutely his own. He carried on a produce and commission business in his own name. He invested and reinvested the profits thereof in his own name in all kinds of property, in several different states, accumulating a great fortune. He never recognized any other person as having any interest therein." For those and other reasons stated in the opinion, the court said that the complaint, taken as a whole, presented a case "where every act of the alleged trustee was openly and notoriously hostile to the claim of plaintiff"; that consequently no such relation between the parties was evidenced by the complaint as justified the plaintiff in disregarding those acts and relying upon any declaration of Dutard.

The complaint in the present case reveals nothing inconsistent with the alleged acknowledgment of the trust. We

think the complaint does not show laches on the part of the plaintiff.

The judgment is therefore reversed, and the trial court is directed to overrule the demurrer to the amended complaint.

Lennon, P. J., and Hall, J., concurred.